IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD C. ANGINO**, *et al.*, | : | CIVIL ACTION NO. 1:15-CV-2105 |
| Plaintiffs | : | |
| v. | : | (Chief Judge Conner) |
| **BB&T**, | : | |
| Defendant | : | |

# ORDER

AND NOW, this 12th day of April, 2017, upon consideration of the motion (Doc. 28) to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant BB&T,[1] wherein BB&T asserts that plaintiffs Richard C. Angino, Alice K. Angino, Angino & Lutz., P.C., Angino & Rovner, P.C., King Drive Corp., and A La Carte Enterprises, Inc. (collectively, "the Anginos") have not pled new facts in their amended complaint (Doc 27) to support their first cause of action and that the Anginos' second cause of action is barred by the gist of the action doctrine, (Doc. 30 at 4-8, 16-17), and taking these arguments *seriatim*: *first*, with regard to the Anginos' breach of contract claim, the court noting that our opinion dismissing the original complaint, see Angino v. BB&T, No. 16-CV-2105, 2016 WL 4408835 (M.D. Pa. June 7, 2016), report and recommendation adopted by 2016 WL 4366962 (M.D. Pa. Aug. 16, 2016), identified several deficiencies, including, *inter alia*, that the plain language of the contracts disputed *sub judice* includes enforceable, express releases of breach of contract claims by the Anginos, id. at

---

[1] BB&T avers that its correct name is "Branch Banking and Trust Company." (Doc. 28 at 1). For the sake of brevity, the court will refer to defendant as "BB&T."

*7-*9, and that the Anginos' claims based on "failure to fulfill the parties' intentions and reasonable expectations, waiver and estoppel, coercion, and adhesionary [sic] terms," and violation of the duty of good faith fail as a matter of law, id. at *9-*11, and the court finding that the amended complaint does not cure these defects as the Anginos' amendments cite irrelevant facts or reiterate the terms of contracts already reviewed by the court,² (see Doc. 27 ¶¶ 11-15, 44-48, 50, 52-58, 60-63, 81, 83), and, *second*, with respect to the Anginos' cause of action based on BB&T's alleged misappropriation of social security funds and pension funds,³ (id. at ¶¶ 69-78, 89-91), the court noting that BB&T's actions in appropriating funds from the Anginos' personal and corporate accounts, (id. at ¶¶ 69-78), arose from BB&T's perceived contractual right to setoff under the loan agreements disputed herein, (see Doc 27 ¶¶ 71-74; Doc 27-1 at 42-57; see also Doc. 30 at 21-22), and the Anginos dispute this right to setoff under the contracts and claim that BB&T's "outrageous" conduct entitles them to punitive damages, and the court finding that although the Anginos have released all breach of contract claims against BB&T, see Angino, 2016 WL

---

² The Anginos include a new factual claim in their amended complaint, stating that BB&T arbitrarily added $19,809.37 to a bill concerning one of the loans disputed herein. (Doc. 27 ¶ 67). The court has held, as noted *supra*, that the Anginos have released any claims regarding the loan agreements. See Angino, 2016 WL 4408835, at *7-*9. Thus, this claim is similarly waived.

³ In two separate civil actions pending in this court, the Anginos raised this identical claim as a counterclaim against BB&T. See Branch Banking & Trust Co. v. Angino Law Firm, P.C., No. 1:16-CV-712, Doc. 17 ¶¶ 67-77 (M.D. Pa. June 2, 2016); Branch Banking & Trust Co. v. Angino Law Firm, P.C., No. 1:16-CV-713, Doc. 16 ¶¶ 67-77 (M.D. Pa. June 2, 2016). The court dismissed this claim in both actions. See Branch Banking & Trust Co. v. Angino Law Firm, P.C., No. 1:16-CV-712, 2016 WL 7117476, at *3-*4 (M.D. Pa. Dec. 7, 2016); Branch Banking & Trust Co. v. Angino Law Firm, P.C., No. 1:16-CV-713, Doc. 27 at 5-9 (M.D. Pa. Dec. 7, 2016).

4408835, at *7-*9, their claim may also be construed as one for breach of fiduciary duty,[4] and the court observing that, under Pennsylvania law, the gist of the action doctrine bars tort claims when "the true gravamen, or, gist, of the claim sounds in contract," Dommel Props., LLC v. Jonestown Bank & Tr. Co., 162 F. Supp. 3d 438, 443 (M.D. Pa. 2016) (quoting Dommel Props., LLC v. Jonestown Bank & Tr. Co., 626 F. App'x 361, 364 (3d Cir. 2015)), but that a party may assert a tort claim which is grounded in obligations or duties that arise from a social policy outside of a disputed contract, Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 105 (3d Cir. 2001); Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014), and it appearing that a bank may have a fiduciary duty, independent of a loan contract, concerning proposed setoff funds if the funds belong to third persons and if the bank is on notice that the depositor is an agent or fiduciary, see Pioneer Commercial Funding Corp. v. Am. Fin. Mortg. Corp., 855 A.2d 818, 825 n.15 (Pa. 2004) (citing Sherts v. Fulton Nat. Bank of Lancaster, 321 A.2d 18, 20 (1941)); Royal Bank of Pa. v. Selig, 644 A.2d 741, 745 (Pa. Super. Ct. 1994), and the court noting that, based on the Anginos' allegation that funds in the concerned corporate "checking" account belonged to employees of the Angino Law Firm and King Drive Corporation, (Doc. 27 ¶ 71), the Anginos argue that BB&T breached a fiduciary duty to third parties

---

[4] The Anginos fail to respond to BB&T's argument that the Anginos do not have a viable cause of action under the Social Security Act. (See Doc. 30 at 17-21). The court finds that the Anginos have therefore waived this claim. See D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999).

3

when it removed funds from the corporate account,[5] but the court observing that this account is categorized by the financial institution as a general checking account, (id.), and that, under Pennsylvania law, if an attorney acts as an agent or fiduciary, the attorney whose name is on the account is held responsible for identifying the account as a trust account, PA. R. DISCIPLINARY ENF'T 221(d); PA. R. PROF'L CONDUCT 1.15(g), which Richard C. Angino failed to do, and the court therefore finding that BB&T was unaware of an equitable ownership claim by a third party and consequently lacking any fiduciary obligation in regard to the corporate account, see Pioneer Commercial Funding Corp., 855 A.2d at 825-830; Royal Bank of Pa., 644 A.2d at 745, and the court further finding that the Anginos' claim of misappropriation of funds from their corporate account is accordingly barred by the gist of the action doctrine, see Bohler-Uddeholm Am., 247 F.3d at 105; Bruno, 106 A.3d at 68, and the court thus concluding, *in toto*, that leave to amend the complaint would be futile, see Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008), it is hereby ORDERED that:

---

[5] The Anginos do not submit that BB&T violated any duty or obligation existing outside the loan agreements in appropriating funds from the Anginos' *personal* account. (Doc. 31 at 6). This claim is consequently barred by the gist of the action doctrine. See Bohler-Uddeholm Am., 247 F.3d at 105; Bruno, 106 A.3d at 68.

1. BB&T's motion (Doc. 28) to dismiss for failure to state a claim is GRANTED.

2. The Anginos' amended complaint (Doc. 27) is DISMISSED with prejudice.

3. The Clerk of Court is directed to close this case.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA